**WALL v. HUNTER, Warden, et al.**

No. 1663.

United States District Court
D. Kansas.

April 2, 1952.

Stanley Lind, Kansas City, Kan., for R. L. Wall.

Ernest J. Rice and Robert H. Bingham, Asst. U. S. Attys., Topeka, Kan., for the Government.

MELLOTT, Chief Judge.

### Findings of Fact

1. The petitioner was committed on April 7, 1948, to serve a four-year sentence for violation of the Dyer Act. The maximum expiration date without good time was April 6, 1952. Petitioner earned 336 days statutory good time and 58 days industrial good time, thereby becoming eligible for conditional release on March 9, 1951, on which date he was so released.

2. A warrant for an alleged violation of the conditional release under the above-mentioned sentence was issued by the United States Board of Parole on November 26, 1951. The warrant was served on February 6, 1952.

3. A revocation of petitioner's parole is at the present time pending before the United States Board of Parole, and the hearing thereon is scheduled to be heard on April 2, 1952, at the United States Penitentiary, Leavenworth, Kansas.

4. The petitioner is currently being held under the warrant for service of the 394 days of good time under his sentence.

5. On June 29, 1951, 18 U.S.C. § 4164. was amended to provide as follows:

> "4164. Released prisoner as parolee
>
> "A prisoner having served his term or terms less good-time deductions shall, upon release, be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days.
>
> "This section shall not prevent delivery of a prisoner to the authorities of any State otherwise entitled to his custody. Added June 29, 1951, c. 176, 65 Stat. 98."

If petitioner's contentions are correct, he would have terminated his obligations as a conditional releasee on October 9, 1951, by virtue of the 180-day provision of the above-mentioned statute.

### Conclusions of Law

The court concludes as a matter of law that the amendment of 18 U.S.C. § 4164, applies to petitioner, and is of the opinion that the petitioner is entitled to the benefits of the last-mentioned statute and that therefore his term as a conditional releasee was concluded on October 9, 1951; and he therefore was not subject to be arrested under the warrant of the United States Board of Parole issued on November 26, 1951.

The court further concludes that the petitioner's application for a writ of habeas corpus should be granted subject to the conditions set out below.

It is, therefore by the court considered, ordered and adjudged that petitioner's application for a writ of habeas corpus herein be, and the same is hereby, granted and the respondent warden is hereby ordered to release the petitioner as soon as the petitioner files with the Clerk of the United States District Court any one of the following type of bonds, subject to the approval of the Clerk of this court, and conditioned upon his surrender pursuant to any order

of the United States Court of Appeals for the Tenth Circuit, following determination of on appeal in this case:

1. $500 cash bond.
2. $500 surety bond.
3. $1,000 personal bond.